IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH ALICO, ASHOK AMIN, ROBERT SANTA MARIA, and ADIL AL YOONUS,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL JAMES MARSHALL, MARSHALL ENERGY, Inc.; MARSHALL ENERGY GLOBAL UK DIVISION, LTD., and MARSHALL ENERGY GLOBAL THE NETHERLANDS, B.V.,<br><br>Defendants. | **4:26CV3018**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on its own motion. Plaintiffs Kenneth Alico ("Alico"), Ashok Amin ("Amin"), Robert Santa Maria ("Santa Maria"), and Adil Al Yoonus ("Yoonus") filed a Complaint, Filing No. 1, on January 23, 2026, which only Alico signed. Plaintiff Alico also filed a Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, which the Court granted, Filing No. 7. However, Plaintiffs Amin, Santa Maria, and Yoonus did not sign the Complaint nor did they file motions seeking leave to proceed IFP. Plaintiffs Amin, Santa Maria, and Yoonus cannot proceed as plaintiffs in this case if they do not each sign the Complaint nor can they proceed without payment of the filing fees unless Amin, Santa Maria, and Yoonus each submit a separate motion for leave to proceed IFP. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."); NECivR 3.3(c) ("If more than one person brings a civil action for which leave to proceed in forma pauperis is requested, each plaintiff must file an application[ and] affidavit . . . ."). To the extent Alico may be attempting to represent, or sign on behalf of, Amin, Santa Maria, and Yoonus, he cannot

do so. *C.H. by & through Hunt v. Pattonville Sch. Dist.*, No. 4:21-CV-00443-JCH, 2021 WL 4061106, at *2 (E.D. Mo. Sept. 7, 2021) ("A non-attorney pro se litigant may represent him or herself in federal court, but cannot represent another person."); *United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *1 (D. Neb. Oct. 23, 2007) (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1333, at 513 & n.15 (2004)) (it is improper for a non-lawyer to sign papers in place of, or to otherwise represent, parties other than themselves).

Accordingly, the Court shall order Plaintiffs Amin, Santa Maria, and Yoonus to file a signed Complaint in accordance with Federal Rule of Civil Procedure 11 and the Court's Local Rules and either submit the $405.00 filing and administrative fees or a request to proceed in forma pauperis. This matter cannot proceed until the foregoing deficiencies are corrected. **FAILURE TO CORRECT THE DEFECTS WITHIN 30 DAYS WILL RESULT IN DISMISSAL OF PLAINTIFFS AMIN, SANTA MARIA, AND YOONUS AS PARTIES TO THIS CASE WITHOUT FURTHER NOTICE**.

IT IS THEREFORE ORDERED that:

1.    Plaintiffs Amin, Santa Maria, and Yoonus are directed to correct the above-listed technical defects on or before **March 20, 2026**. To be clear, Plaintiffs Amin, Santa Maria, and Yoonus must (1) file a signed copy of the Complaint and (2) either pay the $405.00 filing and administrative fees or submit a request to proceed in forma pauperis to the Clerk's office. Failure to comply with this Memorandum and Order will result in Plaintiffs Amin, Santa Maria, and Yoonus being dismissed as parties to this case without prejudice and without further notice.

2

2.    The Clerk of the Court is directed to send to Plaintiffs Amin, Santa Maria, and Yoonus the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit") and a copy of the Complaint's signature pages, Filing No. 1 at 6–7.

3.    The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **March 20, 2026**: deadline for Amin, Santa Maria, and Yoonus to submit signed Complaint and MIFP or payment.

4.    Plaintiffs Alico, Amin, Santa Maria, and Yoonus are all required to sign any joint motion, pleading, or other paper filed with the Court.  Plaintiffs are WARNED that future group motions or pleadings that are not signed by all Plaintiffs shall be stricken pursuant to Federal Rule of Civil Procedure 11(a).

Dated this 18th day of February, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

3