**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

**KENNETH ALICO, ROBERT SANTA MARIA, and ADIL AL YOONUS,**

**Plaintiffs,**

**vs.**

**MICHAEL JAMES MARSHALL, MARSHALL ENERGY, INC.; MARSHALL ENERGY GLOBAL UK DIVISION, LTD., and MARSHALL ENERGY GLOBAL THE NETHERLANDS, B.V.,**

**Defendants.**

**4:26CV3018**

**ORDER TO SHOW CAUSE**

This matter comes before the Court after review of the docket. On January 23, 2026, the plaintiffs, pro se, filed a Complaint against defendants Michael James Marshall, Marshall Energy, Marshall Energy Global The Netherlands, B.V., and Marshall Energy Global UK Division, Ltd. (Filing No. 1). After review of the Complaint, the Court ordered the plaintiffs to file a signed copy of the Complaint and either pay the filing fee or submit a request to proceed in forma pauperis. (Filing No. 8). The plaintiffs opted to pay the filing fee on March 9, 2026.

In conjunction with their Complaint, the plaintiffs filed a "Motion for Alternative Service Pursuant to FRCP Rule 4(f)(3)" (Filing No. 4) requesting "an order permitting alternative service of process upon Defendant Michael J. Marshall pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure." The Court denied that motion as premature on March 12, 2026, because the plaintiffs had not yet requested summons and attempted to locate the defendants by traditional means. (Filing No. 11). The Court instructed the Clerk of Court to provide the plaintiffs with four blank summons forms for service of process upon the named defendants. (Filing No. 11).

On April 27, 2026, the plaintiffs file a summons return as to defendant, Michael James Marshall, who responded to the Complaint by filing a Motion for More Definite Statement. (Filing Nos. 12-14). The Court granted that motion, and ordered the plaintiffs to file an Amended Complaint that clarified their claims and the parties, including clearly identifying "the defendant(s)

against whom the plaintiffs assert their claims." (Filing No. 19). On July 30, 2026, the plaintiffs filed an Amended Complaint against the same defendants identified in their original complaint. (Filing No. 22). Defendant, Michael James Marshall, has moved to dismiss the Amended Complaint against him. (Filing No. 23).

Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). More than 90 days has elapsed since the Complaint was filed, and the record does not demonstrate that the corporate defendants—Marshall Energy, Marshall Energy Global The Netherlands, B.V., and Marshall Energy Global UK Division, Ltd.—have been served, signed a waiver of service, or entered a voluntary appearance in this case. The plaintiffs have not requested an extension of time to complete service of process or even requested summons for those defendants. The plaintiffs' filing of an Amended Complaint (Filing No. 22) against the same defendants named in their first complaint filed on January 23, 2026, does not restart or extend the 90-day time limit to serve the summons and complaint under Rule 4(m). *See Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004) (concluding district court properly dismissed unserved defendants named in the second amended complaint who were previously named in the first amended complaint) (citing 4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1137, at 377 (2002)).

Although the plaintiffs are proceeding pro se, they must nevertheless comply with local rules, court orders, and the Federal Rules of Civil Procedure. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."); *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (a litigant's "*pro se* status d[oes] not entitle him to disregard the Federal Rules of Civil Procedure[.]"). Therefore, the plaintiffs must show cause why this case should not be dismissed as to defendants, Marshall Energy, Marshall Energy Global The Netherlands, B.V., and Marshall Energy Global UK Division, Ltd., for failure to serve them with process under Rule 4 of the Federal Rules of Civil Procedure. Accordingly,

**IT IS ORDERED** that the plaintiffs shall have until **September 9, 2026,** to show cause why this case should not be dismissed as to defendants, Marshall Energy, Marshall Energy Global The Netherlands, B.V., and Marshall Energy Global UK Division, Ltd., pursuant to Federal Rule of Civil Procedure 4(m) or take other appropriate action. The failure to timely comply with this order may result in dismissal of those defendants from this case without further notice.

Dated this 14th day of August, 2026.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge